ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERESA WARD COOPER,<br>Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.: |
| DALLAS POLICE ASSOCIATION,<br>Defendant. | § § § | 3-11CV2607-B |

## ORIGINAL COMPLAINT AND JURY DEMAND

**NOW COMES TERESA WARD COOPER**, Plaintiff, and for cause of action shows:

### INTRODUCTION

1. At all times relevant, Plaintiff was a member of The Dallas Police Association, a labor organization under 42 U.S.C. § 2000e(d) and (e), that represents the interests of more than a thousand members in matters of employment.

2. Plaintiff requested and was entitled to receive, as a matter of her right of membership, representation from Defendant in labor disputes Plaintiff had with the Dallas Police Department. Defendant deprived Plaintiff of the aforementioned right of her membership.

### JURISDICTION

3. The Court has jurisdiction over the lawsuit because the action arises under Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. § 2000e, et seq. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1337, and 1343.

### VENUE

4. Venue of this Court is invoked pursuant to 28 U.S.C. § 1391(b), this being an action not founded on diversity of citizenship and the Northern District of Texas being

the judicial district in which the defendant is located and in which events that are subject of this Civil Complaint occurred.

**MOTION TO PROCEED IFP**

5. In accordance with 28 U.S.C. § 1915, Plaintiff asserts that the commencement of this civil action without prepayment of fees or security therefor is authorized. Service by the U.S. Marshall's Office is requested.

**PARTIES**

6. Plaintiff Teresa Ward Cooper resides at 1520 Janwood Dr., Plano, Collin County, Texas 75075. Telephone Number (972) 358-8999.

7. Defendant Dallas Police Association may be served by and through its President, Glenn White, at the offices of The Dallas Police Association located at 1412 Griffin Street East, Dallas, Dallas County, Texas 75215. Telephone Number (214) 747-6839.

**VIOLATION OF 42 U.S.C. §2000e – TITLE VII CLAIM**

8. Plaintiff hereby realleges and incorporates by reference paragraphs 1 - 2, above.

9. The Dallas Police Association is a "labor organization" under Title VII. See Cooper v. Dallas Police Ass'n., 261 Fed.Appx. 735 at 1, 2008 WL 121316 (C.A.5 (Tex.)2008).

10. Plaintiff is a member of The Dallas Police Association.

11. Pursuant to her membership in the DPA, Plaintiff invoked her right to legal representation in the Civil Service appeal of the termination of her employment that occurred in August 2005. Plaintiff was entitled to have fees for her legal representation paid by the DPA.

12.     After her termination in August 2005, and before Plaintiff filed her charge of discrimination, the attorney representing Plaintiff in the Civil Service appeal was not paid by the DPA.  Plaintiff timely-filed her charge of discrimination after learning that the DPA did not pay her legal representative.  Plaintiff's legal representative has still not been paid by the DPA.  Before filing the charge, the DPA did not provide Plaintiff a reason for its non-payment of legal fees.

13.     To avoid or escape liability for Plaintiff's charge of discrimination based upon her gender and / or retaliation for her previous protected activities, Defendant has changed its previous story regarding the dates of Plaintiff's membership.

14.     The trier of fact may infer liability from the falsity of Defendant's explanation. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 146-148, 10 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

15.     In the investigation of the underlying charge, the DPA claimed that Plaintiff's membership terminated on February 25, 2005.

16.     But, in its written response to EEOC Charge No. 310-2005-03769, the DPA wrote on July 22, 2005, that "Ms. Cooper is currently a member and is believed to have been a member in good standing during the period relevant to this complaint."  The EEOC defined the "relevant period" as "September 21, 2004 through June 17, 2005."

17.     The DPA turned-over to Plaintiff its written response to EEOC Charge No. 310-2005-03769 described above in its Rule 26(a)(1), Fed.R.Civ.P. Disclosures in Civil Action No. 3:05-CV-2206-N, N.D.Tex. (January 23, 2006)

18. Between the DPA's July 22, 2005 response to EEOC Charge No. 310-2005-03769 and the termination of her employment in August, 2005, Plaintiff was not aware of any significant changes to Plaintiff's membership in the DPA.

19. The DPA never provided Plaintiff a written notice terminating her membership.

20. 42 U.S.C. §2000e sets forth the manner in which complaints of discrimination are to be made, beginning with a statement of factual allegations to the investigating agency. Plaintiff's complaint was assigned to EEOC Charge No. 31C-2010-00281C, and Texas Workforce Commission Civil Rights Division (TWCCRD) Charge No. 1A20214.

21. The procedures which are triggered by the filing of such a charge are detailed in 42 U.S.C. §2000e-5.

22. Plaintiff's factual allegations [29 C.F.R. § 1601.12(3)] were sworn to [29 C.F.R. § 1601.11] before the TWCCRD, a state agency associated with the EEOC, and thereafter Plaintiff's factual allegations were forwarded to Defendant by the investigating agency for response thereto.

23. Plaintiff timely filed with the Equal Employment Opportunity Commission (the "EEOC") a charge against The Dallas Police Association alleging unlawful conduct under 42 U.S.C. §2000e.

24. Plaintiff exhausted her administrative remedies. On July 5, 2011, Plaintiff received the right to sue from the EEOC by letter dated June 30, 2011 and postmarked on July 1, 2011. (Exhibit 1) Plaintiff timely files this Complaint within 90 days of her receipt thereof.

25. The Dallas Police Association intentionally engaged in unlawful discriminatory conduct designed and calculated to adversely impact Plaintiff in her employment. Said

actions were in retaliation for Plaintiff's role in previous charges of discrimination against The Dallas Police Association investigated by The Texas Workforce Commission Division of Human Rights (previously Texas Human Rights Commission) and the EEOC.

26. Plaintiff complains of discrimination based upon her gender, retaliation for her previous protected activities, and termination of her membership in the labor organization, all of which were complained of in the charge of discrimination, or which were likely to and did arise during the course of the investigation of the charge of discrimination.

**ATTORNEYS FEES**

27. Plaintiff seeks reasonable attorneys' fees as provided for in 42 U.S.C. § 1988(b).

**JURY TRIAL DEMAND**

28. Plaintiff requests a jury trial on the issues raised in this complaint.

**DAMAGES**

29. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

    a. Plaintiff was deprived of effective legal representation and labor organization related support for her labor disputes with the City of Dallas Police Department.

    b. Plaintiff seeks lost compensation for all lost wages and benefits, related to the Defendant's support of the Plaintiff's unlawful termination of the Plaintiff from the Dallas Police Department. Therefore, Plaintiff seeks an award of future lost wages and benefits to compensate her because the Defendant has effectively supported her illegal termination from the Dallas Police Department.

c.  Plaintiff is entitled to pre-judgment interest on lost legal support, lost wages and benefits, and post-judgment interest on all sums, including on attorneys' fees incurred in this action.

d.  Defendant's conduct was an intentional and willful violation of 42 U.S.C. §2000e, et seq.. Plaintiff is entitled to an award of liquidated damages within the meaning of Title VII.

e.  Plaintiff claims further statutory damages for the acts in violation of Title VII.

**PRAYER**

30. For these reasons, Plaintiff asks for judgment against the Defendant for the following:

a.  For the relief requested herein, including damages, liquidated damages, and declaratory relief regarding pre and post-judgment interest.

b.  An award and judgment for reasonable attorneys' fees.

Costs of suit.

c.  All other relief the Court deems appropriate.

Dated: October 3, 2011.

Respectfully submitted,

_____
Teresa Ward Cooper, Pro Se
1520 Janwood Dr.
Plano, Texas 75075
(972) 358-8999
Fax (none)
PLAINTIFF

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Teresa W. Cooper
1520 Janwood Drive
Plano, TX 75075

From: San Antonio Field Office
5410 Fredericksburg Rd
Suite 200
San Antonio, TX 78229

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 31C-2010-00281 | Jaime Valdez, State & Local Coordinator | (210) 281-7661 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

Pedro Esquivel, Director

June 30, 2011
(Date Mailed)

cc: DALLAS POLICE ASSOCIATION
c/o Bob Gorsky
Lyon, Gorsky, haring & Gilbert, LLP
3131 McKinney Ave., Ste. 100
Dallas, TX 75204

Ex 1

**US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**SAN ANTONIO FIELD OFFICE**
5410 FREDERICKSBURG ROAD SUITE 200
SAN ANTONIO, TX 78229-3555

AN EQUAL OPPORTUNITY EMPLOYER

7807587236 0008

Teresa W. Cooper
1520 Janwood Drive
Plano, TX 75075

02 1M
0004260110
MAILED FROM ZIPCODE 78229
$00.44⁰
JUL 01 2011
UNITED STATES POSTAGE
PITNEY BOWES

**ORIGINAL** 3-11CV2607-B

JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Cresa Ward Cooper

## DEFENDANTS
Dallas Police Association

**(b)** County of Residence of First Listed Plaintiff: Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Dallas
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

OCT - 3 2011
CLERK, U.S.
NORTHERN DISTRICT OF TEXAS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
1520 Jamwood Dr
Plano Tx 75075 (972)358-5999

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 2000e

Brief description of cause:
Retaliation Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
(See instructions)
JUDGE: Godby
DOCKET NUMBER: 3:05-CV-2206

DATE: October 3, 2011
SIGNATURE OF ATTORNEY OF RECORD: Cresa Ward Cooper

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____